STUART G. GROSS (#251019)
sgross@grosskleinlaw.com
GEORGE A. CROTON (#323766)
gcroton@grosskleinlaw.com
**GROSS & KLEIN LLP**
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
t (415) 671-4628
f (415) 480-6688

*Attorneys for Applicant Nancy Jean Adams*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re APPLICATION OF NANCY JEAN ADAMS for issuance of subpoena under 28 U.S.C. § 1782** | Case No.<br><br>**EX PARTE APPLICATION OF NANCY JEAN ADAMS FOR AN ORDER PURSUANT TO 28 USC § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

# TABLE OF CONTENTS

APPLICATION TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782 ........................... 1

JURISDICTION AND VENUE ................................................................................................... 1

PROCEDURAL BACKGROUND AND FACTS........................................................................ 2

STANDARDS UNDER 28 U.S.C. § 1782 ................................................................................. 3

CONCLUSION ........................................................................................................................... 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GROSS & KLEIN LLP
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GROSS & KLEIN LLP
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

## TABLE OF AUTHORITIES

### CASES

*HT S.R.L. v. Velasco*, 125 F. Supp. 3d 211 (D.D.C. 2015) ........................................................ 4

*Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) ...................................... 4, 5

### STATUTES

28 U.S.C. § 1331 ......................................................................................................................... 1

28 U.S.C. § 1391(b) ..................................................................................................................... 1

28 U.S.C. § 1782 ................................................................................................................... 1, 4, 5

28 U.S.C. § 1782(a) ............................................................................................................. 1, 3, 4

1    **APPLICATION TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

2    Applicant Nancy Jean Adams ("Applicant") respectfully submits this application pursuant

3    to 28 U.S.C. § 1782 (the "Application") for an order authorizing Applicant to issue Google LLC

4    ("Google") a subpoena to produce documents, in the form attached hereto as Exhibit 1. The

5    documents are sought in connection with effectuating a class action settlement reached in an

6    action brought in a Canadian court. Google is not a party to that action and has indicated that in

7    order for it to provide Applicant the requested documents, Applicant must subpoena the

8    documents through the Section 1782 process. This Application is supported by the principal

9    defendant in the underlying Canadian and meets all of the requirements of 28 U.S.C. § 1782.

10    Applicant respectfully requests that the Court grant the Application and authorize

11    applicant to issue to Google the subpoena attached hereto as Exhibit 1.

12    **JURISDICTION AND VENUE**

13    28 U.S.C. § 1782 allows litigants in foreign proceedings to seek and obtain discovery

14    from persons residing or found in the United States for use in such proceedings before a foreign

15    tribunal. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because the

16    Application arises under a law of the United States.

17    Venue is proper in this Court under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1782(a) because

18    the person from whom discovery is sought resides or may be found within this District.

19    Applicant is an individual plaintiff asserting claims on behalf of a class in the Superior

20    Court of Justice Province of Ontario, Canada, against Apple Inc. and certain publishers of

21    electronic books ("eBooks") at relevant times. *See* Declaration of Ian Literovich in support of

22    Application to Take Discovery Pursuant to 28 U.S.C. § 1782 ("Literovich Declaration"),

23    submitted concurrently herewith, at ¶¶ 2 and 4.

24    Google is a private corporation and legal entity that carries on the business of selling

25    internet services, software products, and electronics to consumers and businesses. Literovich

26    Declaration at ¶¶ 7.

27    Google resides, is believed to reside, or may be found at 1600 Amphitheatre Parkway,

28    Mountain View, California. Literovich Declaration at ¶ 32.

GROSS & KLEIN LLP
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

**PROCEDURAL BACKGROUND AND FACTS**

The Canadian antitrust class proceeding styled *Adams v. Apple Inc. et al.* was commenced on February 23, 2012 in the Ontario Superior Court of Justice. On September 22, 2016, a further action was commenced with the same style alleging that the conduct alleged in the 2012 proceedings continued (collectively, the "Canadian Class Actions"). Both of these actions have now settled pursuant to a settlement agreement made as of November 14, 2018, as amended. Applicant is the plaintiff in the Canadian Class Actions. Literovich Declaration at ¶ 2.

The Canadian Class Actions allege on behalf of Canadian purchasers of certain eBooks (the "Class") that the Defendants entered into an unlawful conspiracy to fix, maintain, increase or control the price at which they sold eBooks in Canada between April 1, 2010 and March 10, 2017, contrary to Part VI of the *Competition Act*, the common law, and the Civil Code of Quebec. Literovich Declaration at ¶ 4. The Canadian Class Actions allege that the adoption of these conspiratorial agreements ensured that no eRetailer, such as Google, could discount or otherwise engage in price competition with any other with respect to eBooks.

The first action was settled with the Defendant Publishers but not Apple Inc. (Literovich Declaration at ¶ 5) on behalf of a national Canadian class without any admission of liability (the "Publishers Settlement Agreement"). On October 6, 2014, the Ontario Superior Court of Justice approved the Publishers Settlement Agreement and the retention of the funds proffered under that settlement for the benefit of the class members pending trial or resolution of the action against Apple Inc.

The second action alleged that the conduct detailed in the first action continued following the Publishers Settlement Agreement.

Now, all the claims advanced in the Canadian Class Actions have settled without any admission of liability, subject to the Court's approval, pursuant to a settlement agreement entered into with Apple Inc. and Apple Canada, Inc. made as of November 14, 2018, as amended (the "Apple Settlement Agreement"). Applicant will bring two further motions in the proceedings to effectuate the Apple Settlement Agreement: one for a Certification and Authorization Order (i.e.,

GROSS & KLEIN LLP
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

Certification of the National Class for Settlement, Notice Program, and Distribution Protocol); and one for an Approval Order (i.e., approving the Apple Settlement Agreement).

Collectively the Publishers Settlement Agreement and the Apple Settlement Agreement will hereinafter be referred to as the "Settlement Agreements".  The Apple Settlement Agreement includes a Distribution Protocol which provides for the distribution of the settlement proceeds from both Settlement Agreements.

The Apple Settlement Agreement contemplates that the eRetailers will provide certain data to a Claims Administrator to be appointed. This information provides the identification of the Settlement Class Members who purchased Eligible eBooks published by the Defendant Publishers from the eRetailers during the Settlement Class Period, their email addresses, the total number of Eligible eBooks purchased by each Settlement Class Member from the eRetailers during the Settlement Class Period, and information as to which of the Settlement Class Members has an Active Account with eRetailers. This information is collectively referred to as the "eRetailer Data". Literovich Declaration at ¶ 8.

After the Claims Administrator has obtained the eRetailer Data, the amount of Settlement Class Member's individual entitlements will be calculated and the settlement funds they are entitled to will be distributed to the Settlement Class Members by either (a) the eRetailers directly following a procedure that automatically credits those with accounts that have been used in the past year to purchase eBooks; or (b) by the Claims Administrator providing e-transfers to customer e-mail addresses. Literovich Declaration at ¶ 18.

In the event the eRetailer Data is not available from an eRetailer, a traditional and more expensive claims process (i.e. what is described in the Settlement as "Alternate Distribution") will be required (unless the Parties agree to and the Courts approve a cy pres distribution). Literovich Declaration at ¶ 18.

### STANDARDS UNDER 28 U.S.C. § 1782

28 U.S.C. § 1782(a) provides for discovery in the United States to assist litigants before foreign tribunals:

The district court of the district in which a person resides or is found may order him to

GROSS & KLEIN LLP
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal… The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court…

To obtain discovery under 28 U.S.C. § 1782, a party must show that: (1) the applicant is an "interested person" with respect to the foreign proceedings; (2) the person from whom the discovery is sought is a resident of the district to which the application is made; and (3) the discovery sought is for use in a proceeding in a foreign or international tribunal. 28 U.S.C. § 1782(a).

The purpose of the law is salutary. The twin aims of 28 U.S.C. § 1782 are "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *HT S.R.L. v. Velasco*, 125 F. Supp. 3d 211 (D.D.C. 2015) at page 11, *citing Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 252 (2004).

This Application satisfies all three requirements. First, the Applicant is an "interested person" within the meaning of 28 U.S.C. § 1782. Applicant is the plaintiff in the Canadian Class Actions. *See Intel Corp.*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who make invoke § 1782").

Second, Google, the person from whom discovery is sought, "resides or is found" in this District. 28 U.S.C. § 1782(a). Literovich Declaration at ¶ 32.

Third, the requested discovery is sought for use in a proceeding in a foreign tribunal, namely the Superior Court of Justice of the Province of Ontario, Canada. Applicant seeks to obtain the eRetailer Data from Google, which is material to the Applicant's claims, and ultimately would help to facilitate the settlement in the Canadian Class Actions. Literovich Declaration at ¶ 18.

In *Intel,* the Supreme Court outlined several factors that the District Court may consider in ruling on a § 1782 application. Each of those factors weighs strongly in favor of this Court granting this Application.

GROSS & KLEIN LLP
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GROSS & KLEIN LLP
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

First, Google is not a party in the Canadian Class Actions. Thus, Applicant is unable to get the requested evidence from Google through normal discovery channels in the Canadian Class Actions since the Ontario Courts have no jurisdiction over Google and cannot compel the company to testify. *See Intel*, 542 U.S. at 264; Literovich Declaration at ¶ 30.

Second, the "nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance" also favor Applicant. *Intel*, 542 U.S. at 264. The Canadian Class Actions are pending settlement approval in the Ontario Courts, which are receptive to assistance provided by the U.S. courts. Literovich Declaration at ¶ 31.

Finally, this Application does not seek information that is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. Applicant seeks authority to serve a document subpoena on Google. Applicant's document requests are limited to seeking the identities and e-mail addresses of eBooks purchasers who used the Google Play Store so that the Claims Administrator can provide the compensation contemplated under the Settlement Agreements. Literovich Declaration at ¶¶ 14-15.

## CONCLUSION

Having demonstrated that this application meets all the requirements of 28 U.S.C. § 1782, Applicant respectfully requests that this Court exercise its discretion and grant the Application to take discovery from Google in Mountain View, CA in connection with the Canadian Class Actions.

Dated:  January 13, 2021                    **GROSS & KLEIN LLP**


By: _____
       GEORGE A. CROTON

       *Attorneys for Applicant*

# EXHIBIT 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| Nancy Jean Adams | ) |
| _Plaintiff_ | ) |
| v. | )    Civil Action No. |
| Apple Inc. et al. | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Google LLC

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Gross & Klein LLP, The Embarcadero<br>Pier 9, Suite 100<br>San Francisco, CA 94111 | Date and Time: |
|---|---|

❏ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  1/13/2021

CLERK OF COURT

OR

_____          _____
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Nancy Jean Adams _____ , who issues or requests this subpoena, are:

Stuart G. Gross, Gross & Klein LLP, The Embarcadero, Pier 9, Suite 100, San Francisco, CA 94111 (415) 671-4628

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                          _____
                                                         *Server's signature*

                                                         _____
                                                         *Printed name and title*

                                                         _____
                                                         *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Attachment A

### I.  DEFINITIONS

As used in the Requests herein, the following terms shall have the definitions and constructions listed below. Terms not defined shall have the meanings assigned to them, if any, by the Federal Rules of Civil Procedure and or Local Rules:

1. "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

2. "**And**" and "**or**" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

3. "**Any**" shall be construed to mean "any and all."

4. "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request, or any other request, in any way.

5. The use of the singular form of any word includes the plural and vice versa.

6.  The or this "**Action**," including its possessive, means the antitrust class proceeding styled *Adams v. Apple Inc. et al.,* Court File Number CV-12-17511-00CP and the further antitrust class proceeding with the same style, Court File No. CV-16-24156-00CP, both pending in the Ontario Superior Court of Justice, Southwest Region (collectively, the "Canadian Class Actions").

7. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, association (incorporated or unincorporated), joint venture, trust, sole proprietorship, government entity, group or other form of legal entity.

8. "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, attorney, consultant, messenger, agent or other

Person who is or was employed by a Person.

9.  "**Official**" means, without limitation, any current or former, appointed or elected official of any government, tribal, state, local or national.

10. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

11. "**Communications**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face Meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

12. "**Date**" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

13. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messages, social media content (including without limitation public content such as Tweets, Youtube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messages, instant messages, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically,

any letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel Records, summaries, Records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Bluray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other Records of Meetings, all written or graphic Records of representations of any kind, and all mechanical or electronic data, Records of representations of any kind.

14. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

   a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at *www.thesedonaconference.org/publications*;

   b) activity listings of electronic mail receipts and/or transmittals;

   c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant Messenger™ (or similar program), social media (including without limitation Twitter, LinkedIn, Youtube, Facebook, Instagram, and any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether

said electronic data exists in an active file, a deleted file, or file fragment;

    d)  any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

    e)  any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

    f)  any and all data, data compilations, and data analyses.

15. "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the Person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by such Person and the period during which such numbers were assigned to be used by that Person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that Person.

16. "**Plaintiff**" including its possessive forms, means Nancy Jean Adams, Plaintiff in this Action, and her agents, representatives or any Persons acting or purporting to act on her behalf.

17. "**Recording**" means without limitation saving visual and/or audio information by electronic means to any medium on which the information can be stored and from which

the information can be retrieved or replayed.

18. "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, memorializing, evidencing, constituting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

19. "**You**," including its possessive, means the responding individual or entity, and, as applicable, its predecessors, including but not limited to successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which the responding Person manages or controls, together with all present and former directors, officers, Employees, agents, representatives or any persons acting or purporting to act on behalf of the responding Person.

20. "**Google**" means Google, Inc. and any subsidiary or affiliate thereof that acted as a distribution agent for Defendant Publishers' eBooks in Canada.

21. "**Class Member**," including its plural, means all persons in Canada who purchased an eBook published by the Defendant Publishers during the Class Period.

22. "**Google Class Member**," including its plural, means all persons in Canada who purchased from Google an eBook published by the Defendant Publishers during the Class Period.

23. "**Class Period"** means April 1, 2020 through March 10, 2017, inclusive.

24. "**Active Account**" means an account used by a Class Member to purchase an eBook from Google in the one-year period preceding the date when Google's data as required in this subpoena is compiled for the purpose of this subpoena and the implementation of the Settlement Agreement.

25. "**Defendant Publisher,**" including its plural, means, individually or collectively, Hachette, Harper Collins, Macmillan, Penguin, or Simon & Schuster.

26. "**Eligible eBooks**" means each and every eBook published by one or more of the Defendant Publishers that was purchased in Canada by a Class Member during the Class Period.

## II.   <u>INSTRUCTIONS</u>

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, Employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2. If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3. In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4. If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5. Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6. All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the

files in which they were found for purposes of producing them in response to these Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. In responding to these Requests You are to include Documents: (a) obtained from witnesses who gave information to any governmental agency or other investigatory or regulatory body as part of any investigation generally; (b) that constitute, or refer or relate to, summaries of testimony or other statements given in connection with such investigations; or (c) obtained on Your behalf by counsel in preparing for testimony or interviews in connection with such investigations.

8. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

9. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

10. Unless otherwise agreed, all ESI should be produced in native format on compact disc(s), DVD disc(s), external hard drive(s), or other electronic media, in the original electronic file format(s) of the Documents.

11. Produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

12. Please organize electronic Documents produced for inspection in the same manner that You store them (*e.g.*, if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production

by custodian with path information preserved, etc.).

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (*i.e.*, portable document format files with embedded text) and in an appropriate and usable manner (*e.g.*, by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer

shall be separately stated in detail for each document request.

22.  Failure to provide information in response to these document requests will be deemed a waiver of Your right to produce such evidence at trial. Plaintiff reserves the right to move to preclude the introduction of any evidence not produced in response to these requests.

23. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III.   **RELEVANT TIME PERIOD**

Unless otherwise noted herein, the relevant time period of these document requests is April 1, 2010 through the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

IV.     **REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**

Documents that reflect the names of Google Class Members who purchased one or more Eligible eBooks from any of the Defendant Publishers through any platform owned or operated by Google during the Settlement Class Period.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

Documents that reflect the email addresses of Google Class Members who purchased one or more Eligible eBooks from any of the Defendant Publishers through any platform owned or operated by Google during the Settlement Class Period.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

Documents that reflect the names of Google Class Members with Active Accounts.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

Documents that reflect the email addresses of Google Class Members with Active Accounts.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

Documents sufficient to show the number of Eligible eBooks purchased by each Google Class Member from any of the Defendant Publishers through any platform owned or operated by Google during the Settlement Class Period.