UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF NANCY JEAN ADAMS | Case No. 21-mc-80011-VKD<br><br>**ORDER REQUESTING ADDITIONAL INFORMATION IN SUPPORT OF EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

Applicant Nancy Jean Adams seeks an order pursuant to 28 U.S.C. § 1782 authorizing service of a subpoena for documents on Google LLC ("Google") for use in litigation in Canada. Dkt. No. 1. Google has not appeared in this proceeding and is not a party to the litigation in Canada.

For the reasons stated below, the Court requires additional information from Ms. Adams in support of her application.

I. **BACKGROUND**

According to the application, Ms. Adams is an individual plaintiff in two antitrust class actions against Apple Inc. and certain electronic book ("eBook") publishers in the Ontario Superior Court of Justice in Canada: *Adams v. Apple Inc. et al.*, Court File Number CV-12-17511-00CP; *Adams v. Apple Inc. et al.*, Court File Number CV-16-24156-00CP (collectively, the "Canadian Class Actions"). Dkt. No. 1-1 ¶ 2. The Canadian Class Actions seek recovery for all persons in Canada who purchased certain eBooks from the defendants under an allegedly improper pricing model between April 1, 2010 and March 10, 2017. *Id.* ¶ 4. Both actions have

settled, subject to completion of court approval. Dkt. No. 1 at 2.

According to Ms. Adams, one of the settlement agreements includes a distribution protocol which provides for the distribution of settlement proceeds from the settlement agreements resolving both of the Canadian Class Actions. *Id.* at 3; Dkt. No. 1-1 ¶ 7. The distribution protocol contemplates that class members will receive settlement proceeds via credits or electronic fund transfers for eBook purchases made through specific retailers, whom the Canadian litigants refer to as "eRetailers." Dkt. No. 1-1 ¶ 18. Google is an eRetailer from whom class members purchased eBooks during the class period. *Id.* ¶ 13.

Ms. Adams asks the Court to authorize service of a subpoena to Google requesting production of documents showing (1) the names of class members who purchased one or more eBooks from any of the defendant publishers through any platform owned or operated by Google during the class period; (2) their email addresses; (3) the number of eBooks each purchased; and (4) which class members have active accounts with Google. Dkt. No. 1 at 3, Ex. 1. Ian Literovich, counsel for Ms. Adams, explains why Ms. Adams seeks this information from Google:

> Google is in possession of information regarding the Settlement Class Members, who purchased the Eligible eBooks during the relevant period. For the purposes of the Apple Settlement Agreement, that information is referred to as "eRetailer Data." The eRetailer Data involves the identification of the relevant Settlement Class Members who purchased Eligible eBooks, the total number of Eligible eBooks purchased by each such Settlement Class Member, information as to whether the relevant Settlement Class Member's account remains active with the eRetailer, and the email address associated with the Settlement Class Member's account. The Distribution Protocol and Notice Program (as defined in the Apple Settlement Agreement) are designed to permit identification of Settlement Class Members, calculation of their individual entitlements and provision of their entitlements directly without the need for an expensive claims process. In order for this to occur, the Claims Administrator requires the eRetailer Data, so that it will be able to sufficiently identify the Settlement Class Members, determine the amount of their individual entitlements and facilitate distribution of their settlement proceeds.

Dkt. No. 1-1 ¶¶ 14-17 (paragraphs and numbering omitted). Mr. Literovich advises that Google is willing to provide this "eRetailer Data" for use in connection with the Canadian Class Actions "only in response to a subpoena in order to alleviate any privacy concerns arising from sharing consumer data." *Id.* ¶ 25.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1782, a district court may order the production of documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246–47 (2004). The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *Intel*, 542 U.S. at 246.

A district court is not required to grant an application that meets the statutory criteria, but instead retains discretion to determine what discovery, if any, should be permitted. *Id.* at 264. In exercising that discretion, the court considers several factors:

(1) whether "the person from whom discovery is sought is a participant in the foreign proceeding";

(2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";

(3) whether the discovery request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and

(4) whether the discovery requested is "unduly intrusive or burdensome."

*Id.* at 264–65.

A district court's discretion is guided by the twin aims of § 1782: providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts. *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004). The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261–63.

Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an ex parte basis, since "'parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'" *IPCom GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re: Ex Parte Application Varian Med. Sys. Int'l AG, Applicant*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

Unless the district court orders otherwise, the discovery authorized by the court must be obtained in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994).

### III. DISCUSSION

#### A. Statutory Requirements

Ms. Adams's application satisfies the statutory requirements of 28 U.S.C. § 1782(a). First, the subpoena seeks discovery from Google, which has its principal place of business in Mountain View, California, within the Northern District of California. Dkt. No. 1 at 1. Second, Ms. Adams requests this discovery for use in pending proceedings before a court in Canada, a foreign tribunal. Third, as a party in the Canadian proceedings, Ms. Adams is an interested person within the meaning of the statute.

#### B. *Intel* Factors

Even if the Court has the authority to grant Ms. Adams's § 1782 application, that does not mean the Court is required to do so. *Intel*, 542 U.S. at 247. In determining whether judicial assistance under § 1782 is appropriate, the Court must consider the additional *Intel* factors.

4

### 1. Participation of target in the foreign proceeding

Although this factor addresses whether the person from whom discovery is sought is a party to the foreign proceeding, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Varian Med. Sys.*, 2016 WL 1161568, at *3 (internal quotations and citation omitted).

According to the application, Google is not a party to Canadian Class Actions, and the discovery sought by subpoena is located outside the jurisdiction of the foreign tribunal. Dkt. No. 1 at 5. In these circumstances, the need for assistance pursuant to § 1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties appearing before it or third parties within its jurisdiction to produce evidence. *Intel*, 542 U.S. at 264. The Court finds that this factor weighs in favor of authorizing service of the subpoena.

### 2. Receptivity of foreign tribunal to U.S. judicial assistance

Under this factor, the Court considers "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, 2016 WL 1161568, at *4. "'[I]f there is reliable evidence that the foreign tribunal would not make any use of the requested material, it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved.'" *Id.* (quoting *In re Babcock Borsig AG*, 583 F. Supp. 2d 233, 241 (D. Mass. 2008)). Courts have denied requests for discovery where the foreign tribunal or government expressly says it does not want the U.S. federal court's assistance under § 1782. *See, e.g.*, *Schmitz*, 376 F.3d at 84–85 (affirming the denial of discovery where the German government expressly objected to the information sought due to concerns that it would jeopardize an ongoing German criminal investigation, as well as German sovereign rights); *In re Ex Parte Appl. of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1040–41 (N.D. Cal. 2016) (concluding that this *Intel* factor weighed heavily against discovery where the Korean Fair Trade Commission filed an amicus brief stating that it had no need or use for the requested discovery).

1 Here, Ms. Adams says that the information she seeks from Google is critical to
2 effectuating the settlement agreements that have been reached in the Canadian Class Actions, as it
3 will permit the claims administrator for the settlements to efficiently distribute the proceeds of the
4 settlement agreements to class members. Dkt. No. 1 at 4; *see also* Dkt. No. 1-1 ¶ 24. Mr.
5 Literovich attests that Ontario courts generally welcome the assistance of U.S. courts. Dkt. No. 1-
6 1 ¶ 31.
7 In the absence of evidence to the contrary regarding the foreign tribunal's receptivity to
8 U.S. judicial assistance, the Court concludes that this factor weighs in favor of authorizing service
9 of the subpoena.

### 3. Circumvention of proof-gathering restrictions

Under this factor, the Court considers whether Ms. Adams's request for discovery "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. "'A perception that an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis.'" *In re Varian Med. Sys.*, 2014 WL 1161568, at *5 (quoting *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944-SC, 2013 WL 183944, at *3 (N.D. Cal. Jan. 17, 2013)). Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014); *see also In re Eurasian Nat. Res. Corp. Ltd.*, No. 18-mc-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal. Mar. 30, 2018) (finding that the third *Intel* factor weighed in favor of discovery where there was "no evidence" of an attempt to circumvent foreign proof-gathering restrictions or policies).

Here, Ms. Adams represents that she is aware of no restrictions or policies of the Canadian court that would limit the gathering of the evidence she seeks here. *See* Dkt. No. 1-1 ¶ 31.

In the absence of contrary information regarding the procedures acceptable to the Canadian court, the Court concludes that this factor also weighs in favor of authorizing service of the subpoena.

6

### 4. Unduly burdensome or intrusive discovery

Under this factor, the Court considers whether the discovery is sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265.

Ms. Adams seeks production of documents responsive to five document requests (although they are misnumbered). *See* Dkt. No. 1 at 22. Collectively, these requests ask for identifying information for individuals who purchased eBooks using a Google platform during a nearly seven-year period. It is not clear from the application how many class members these requests encompass, but the Court assumes it is a considerable number. It also is not clear from the application what procedures or protections, if any, are contemplated to address the privacy interests of the individuals whose information Google will be asked to disclose to the law firm of Gross & Klein LLP.

In other matters, where a proposed subpoena would require Google to disclose identifying information of an account holder, the Court's usual practice is to require Google to give advance notice to the account holder and to allow the account holder an opportunity to object to the disclosure. *See In re Sapporo Ota Psychiatry Hosp.*, No. 20-mc-80147-VKD, 2020 WL 5526674, at *5 (N.D. Cal. Sept. 15, 2020). Here, the Court appreciates that the individuals whose information is subject to disclosure are putative members of the class and stand to benefit from the disclosure. And yet some may have objections to the disclosure of their names, email addresses, and number of eBook purchases without their knowledge or consent. Indeed, the Court understands from Mr. Literovich's declaration that Google has expressed some concern about how its sharing of customer data might implicate its customers' privacy interests. *See* Dkt. No. 1-1 ¶ 25. The application should address these concerns.

Because the Court cannot assess whether the subpoena will require unduly intrusive discovery of Google user and account holder information on the present record, the Court does not authorize service of the subpoena at this time.

## IV. CONCLUSION

Ms. Adams's application meets the statutory criteria for an order authorizing service of the proposed subpoena. However, the Court requires additional information in order to evaluate

7

whether the factors that inform the Court's exercise of its discretion under *Intel* also favor authorizing service of the subpoena.

Ms. Adams may submit supplemental briefing, a supplemental declaration, and/or a revised subpoena addressing the concerns raised above.

**IT IS SO ORDERED.**

Dated: January 27, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge